## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

GROUP ONE LTD.,

              Plaintiff,

      v.

GTE GmbH and RALF WEIGEL

            Defendants.

C.A. No. 1:20-cv-02205-MKB-RER

**ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION, TEMPORARY RESTRAINING ORDER, AND ORDER AUTHORIZING ALTERNATIVE SERVICE**

Pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure, and 35 U.S.C. § 283, Group One Ltd. (hereinafter, "Group One" or "Plaintiff") has moved *ex parte* against defendants GTE GmbH and Ralf Weigel (collectively, "Defendants"), for a temporary restraining order, order authorizing alternate service, and order to show cause for preliminary injunction. Group One proceeds on the bases that Defendants are making, using, importing, distributing, offering for sale, and selling let detection systems that infringe several patent owned by Group One and is disseminating false and derogatory information about Group One's business and products to prospective and current clients, which have irreparably harmed Group One's business interests and reputations as set forth more fully in the Complaint.

The Court, having reviewed the Complaint, Memorandum of Law, supporting declarations and exhibits submitted herewith, HEREBY FINDS:

A.      Plaintiff is likely to succeed showing that Defendants have infringed and will continue to infringe U.S. Patent No. 10,583,341 ("the '341 Patent"), due to Defendants' making, using, importing, distributing, offering for sale, and/or selling infringing let detection systems.

B.      The manufacture, use, importation, distribution, offering for sale, and sale of infringing let detection systems alone or in combination with Defendants' dissemination of known

falsehoods that disparage Group One's business and proprietary let detection systems will result in immediate and irreparable injury to Group One if the relief requested is not granted;

C.  The harm to Group One from denial of the requested *ex parte* order outweighs any harm to Defendants' legitimate interests against granting such order; and

D.  No prior application for the relief provided herein has been made by Plaintiff against Defendants.

THEREFORE, IT IS HEREBY ORDERED that Defendants shall appear on the _____ day of July 2020 at _____ in Courtroom 6F of the United States Court for the Eastern District of New York at 225 Cadman Plaza East, Brooklyn, New York 11201 to show cause why an Order, pursuant to Federal Rules of Civil Procedure 64 and 65, and the Court's equitable authority, should not be entered, pending resolution of this case or further order of this Court, granting Plaintiff a preliminary injunction enjoining Defendants, their officers, directors, agents, servants representatives, employees, successors, and assigns, and all those acting in concert or in participation with any of them, in a manner substantially similar to the relief provided in the Temporary Restraining Order below.

IT IS FURTHER ORDERED that Defendants' answering papers shall be filed and served upon Plaintiff's counsel by email to ballj@gtlaw.com, by the _____ day of _____, 2020, and any reply papers shall be filed and served on Defendants by _____, 2020.

## TEMPORARY RESTRAINING ORDER

IT IS HEREBY ORDERED, in accordance with Federal Rules of Civil Procedure 64, and the Court's inherent power to issue provisional remedies ancillary to its authority to provide final equitable relief, and no prior application having been granted that:

1.      Defendants, their officers, directors, agents, servants, representatives, employees, successors, and assigns, and all those acting in concert or in participation with any of them, are enjoined from:

     a.      Directly or indirectly infringing the '341 Patent that is owned or controlled by Plaintiff through the making, using, selling, importation, and/or offering for sale of any let detection system, including the Trinity system;

     b.      Enabling, facilitating, permitting, assisting, soliciting, encouraging or inducing others to directly or indirectly infringe the patents-in-suit to manufacture, import, distribute, advertise, offer for sale, and/or sell infringing let detection systems; and

     c.      Disseminating false and/or derogatory information about Group One or its let detection systems to any business or individual.

IT IS FURTHER ORDERED that this Temporary Restraining Order shall remain in effect until the date for hearing on the Order to Show Cause set forth above, or such further date as set by the Court.

IT IS FURTHER ORDERED that Plaintiff shall post security in the amount of $____, by corporate surety bond, cash, credit card, or a certified or attorney's check.

IT IS FURTHER ORDERED that upon two (2) business days' written notice to the Court and Plaintiff's counsel, any Defendant or restrained third party may appear and move for the dissolution or modification of the provisions of this Temporary Restraining Order upon an appropriate evidentiary showing.

## ALTERNATIVE SERVICE ORDER

IT IS FURTHER ORDERED that Plaintiff may serve copies of this Order, the Complaint, Summons, and Plaintiff's *ex parte* application (together with all supporting declarations and other

documents) on the Defendants via the email addresses used to communicate with Plaintiff previously, or other email addresses associated with their business that are known to Plaintiff. Plaintiff shall promptly file proof of such service.

SO ORDERED this _____ day of _____, 2020

_____
United States District Judge