UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------
GROUP ONE LTD.,

                      Plaintiff,                    **MEMORANDUM & ORDER**
                                                                               20-CV-2205 (MKB)

                   v.

GTE GmbH and RALPH WEIGEL, *in his corporate capacity as owner of GTE and in his individual capacity*,

                      Defendants.
-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Group One Ltd. ("Group One") commenced the above-captioned action on May 15, 2020, against Defendants GTE GmbH ("GTE") and Ralf Weigel, and filed an Amended Complaint on April 16, 2021, alleging that Defendants infringed Plaintiff's patents for tennis let-detection systems and knowingly spread malicious falsehoods about the capabilities of Plaintiff's systems. (*See generally* Compl., Docket Entry No. 1; Am. Compl., Docket Entry No. 39.) Plaintiff brings claims of direct, induced, and contributory patent infringement under the Patent Act, 35 U.S.C. § 271(a)–(c); false advertising and use of false descriptions and false representations under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); tortious interference with prospective business relations and unfair competition under the New York common law; deceptive trade practices and false advertising under sections 349(h) and 350(e)(3) of the New York General Business Law ("GBL"), respectively; and trade libel under the New York common law. (Am. Compl. ¶¶ 51–155.) After initially appearing in the case, Defendants defaulted, and the Clerk of Court entered default against them on June 30, 2021. (Clerk's Entry of Default, Docket Entry No. 46.) On July 9, 2021, Plaintiff moved for a default judgment, (Pl.'s Mot. for

Default J., Docket Entry Nos. 47–48), and, on July 10, 2021, the Court referred Plaintiff's motion to Magistrate Judge James R. Cho for a report and recommendation, (Order dated July 10, 2021).[1]

On August 18, 2021, Plaintiff moved *ex parte* for an order to show cause for a temporary restraining order and preliminary injunction on the grounds that Defendants are "making, using, importing, distributing, offering for sale, and selling let detection systems that infringe two patents owned by Group One." (Pl.'s Mot. for Order to Show Cause for Prelim. Inj. and TRO, Docket Entry No. 51.) On August 23, 2021, the Court issued a temporary restraining order. (Mem. & Order of Aug. 23, 2021, Docket Entry No. 55; TRO, Docket Entry No. 55-1.) On August 30, 2021, Plaintiff filed an emergency motion to enforce the TRO to "restrain the United States Tennis Association ("USTA") from its continued use of the Trinity let detection system at the 2021 U.S. Open tennis tournament." (Pl.'s Emergency Mot. to Enforce TRO, Docket Entry No. 58.) The next day, on August 31, 2021, the Court ordered USTA to "show cause in writing by September 2, 2021, why the Court should not hold the USTA in contempt for failing to

---

[1] By report and recommendation dated February 28, 2022, Judge Cho recommended that the Court (1) deny Plaintiff's motion as to Plaintiff's claims of patent infringement, deceptive trade practices and false advertising under GBL §§ 349 and 350, and trade libel under the New York common law; (2) grant Plaintiff's motion as to its claims of false advertising and use of false descriptions and false representations under the Lanham Act and tortious interference with prospective business relations and unfair competition under the New York common law; and (3) deny without prejudice Plaintiff's requests for a permanent injunction and patent infringement damages, and for an award of lost profits in connection with its non-patent claims (the "R&R"). (R&R 32, 36–37, Docket Entry No. 92.) On September 2, 2022, the Court adopted in part the R&R and (1) granted Plaintiff's default judgment motion with respect to Plaintiff's claims of patent infringement under the Patent Act, tortious interference with prospective business relations and unfair competition under the New York common law, and false advertising claims under the Lanham Act; (2) denied default judgment with respect to Plaintiff's deceptive trade practices and false advertising claims under the GBL and claim of trade libel under the New York common law; (3) granted Plaintiff's request for a permanent injunction; and (4) deferred ruling on Plaintiff's requests for damages. (Order dated Sept. 2, 2022, Docket Entry No. 108.)

2

comply with the Court's TRO." (Order of Aug. 31, 2021 at 4–5, Docket Entry No. 61.) USTA responded on September 2, 2021, (Non-Party USTA Resp. to Order to Show Cause, Docket Entry No. 65), and Plaintiff responded on September 6, 2021 (Pl.'s Resp. to USTA's Resp. to Order to Show Cause, Docket Entry No. 66).

On September 9, 2021, the Court held a hearing regarding the preliminary injunction and Plaintiff's motion to hold USTA in contempt of the Court's TRO (the "September 2021 hearing"). (Minute Entry dated Sept. 9, 2021.) The Court denied Plaintiff's motion to hold USTA in contempt, denied Plaintiff's motion to enforce the TRO against USTA, and deferred ruling on Plaintiff's request for a preliminary injunction in view of Defendant's nonappearance (the "September 9, 2021 Order"). (*Id.*)

On December 23, 2021, Plaintiff moved for reconsideration of the Court's September 9, 2021 Order denying the motion for contempt and motion to enforce the TRO against USTA (Pl.'s Mot. for Recons. Pursuant to Rule 60(b)(1) ("Pl.'s 60(b)(1) Mot. for Recons."), Docket Entry No. 81), and then again moved for reconsideration on December 27, 2021. (Pl.'s Mot. for Recons. Pursuant to Rule 60(b)(3) ("Pl.'s 60(b)(3) Mot. for Recons."), Docket Entry No. 83). USTA responded on January 13, 2022 and January 17, 2022,[2] and Plaintiff filed replies on January 24, 2022 and January 28, 2022.[3] USTA filed a sur-reply to both of Plaintiff's replies on

---

[2] (Non-Party USTA Opp'n to Pl.'s Mot. for Recons. Citing Rule 60(b)(1) ("USTA 60(b)(1) Opp'n"), Docket Entry No. 84; Non-Party USTA Opp'n to Pl.'s Mot. for Recons. Citing Rule 60(b)(3) ("USTA 60(b)(3) Opp'n"), Docket Entry No. 85.)

[3] (Pl.'s Reply in Supp. of 60(b)(1) Mot. for Recons., Docket Entry No. 87; Pl.'s Reply in Supp. of 60(b)(3) Mot. for Recons., Docket Entry No. 88.)

February 4, 2022 and filed a letter motion to strike a late-attached exhibit by Plaintiff on February 11, 2022.[4]

For the reasons discussed below, the Court denies Plaintiff's motions for reconsideration and grants USTA's motion to strike.

### I. Background

At the September 2021 hearing, the Court found that there was not a "sufficient basis before the Court," to hold USTA in contempt of the TRO. (Tr. of September 9, 2021 Hearing ("Tr.") 27:11–14, annexed to Pl.'s 60(b)(1) Mot. for Recons., Docket Entry No. 81-2.) The Court accordingly denied Plaintiff's application to hold USTA in contempt of the TRO.

First, the Court found that it was undisputed that the legacy system USTA used prior to 2021 did not infringe on Plaintiff's patent. (Tr. 8:7–9.) Second, the Court heard argument from the parties on whether the addition of the secondary handset or joystick with a control button to the legacy system created an infringing product. (Tr. 8–15.) The Court found that there was "a factual dispute," (Tr. 10:19–20), because the parties disputed whether the shot clock control feature "was already in use before the patent was issued as part of the legacy system," (Tr. 10:15–17). The Court found that Plaintiff had the burden to "prove noncompliance [with the TRO] by clear and convincing evidence." (Tr. 12:13–16.)

Next, the Court heard from the parties as to whether USTA was acting "in concert" with Defendants. (Tr. 13:13–21.) The Court found that the law forbids the Court from enjoining a nonparty unless the nonparty "acted in concert or in participation with a . . . party to the proceeding." (Tr. 18:5–9.) The Court also found that the "TRO is very specific as to what it is

---

[4] USTA Omnibus Sur-Reply in Further Supp. of Opp'n to Pl.'s Mots. for Recons. ("USTA Sur-Reply"), Docket Entry No. 89-1; USTA Letter Mot. to Strike, Docket Entry No. 91.)

4

enjoining," because it enjoins "[Defendants]' infringement of [Plaintiff's] patent." (Tr. 21:15–16.) However, if the product that Defendants delivered to the USTA "does not infringe [Plaintiff's] patent, then there is nothing for [the] Court to enjoin." (Tr. 21:16–18.) The Court concluded that it lacked "legal authority to enjoin the USTA from using a product that [Plaintiff] argu[es] infringes [Plaintiff's] patent if that product was not supplied by [D]efendants." (Tr. 22:8–11.)

The Court concluded that Plaintiff had not presented sufficient evidence to support an argument that USTA acted in concert with Defendants, (Tr. 24:11–13), and that "based on the facts" before the Court, the Court did not "have enough [evidence] to enjoin the USTA's conduct," (Tr. 25:11–13.) Ultimately, the Court "den[ied] [P]laintiff's application to hold USTA in contempt of the TRO" for lack of sufficient evidence. (Tr. 27:11–14.)

The day after the hearing, on September 10, 2021, Plaintiff moved to continue the hearing on the TRO violation and contempt. (Pl.'s Mot. to Continue, Docket Entry No. 72.) The Court found the motion moot on the basis that "[t]he Court already denied Plaintiff's motion to enforce the TRO against USTA for the reasons stated on the record at the September 9, 2021 hearing." (Order dated Sept. 15, 2021.) On September 23, 2021, Plaintiff filed a letter motion requesting an extension of time to file a motion for reconsideration of the Court's decision. (Pl.'s Letter Mot. for Extension, Docket Entry No. 74.) The next day, September 24, 2021, the Court granted the extension and permitted Plaintiff to file its motion for reconsideration by September 30, 2021. (Order dated Sept. 24, 2021.)

Almost three months later, on December 23, 2021, Plaintiff moved for reconsideration of the Court's September 9, 2021 Order denying the motion for contempt and motion to enforce the TRO against USTA, (Pl.'s 60(b)(1) Mot. for Recons.), and then again moved for reconsideration

5

on December 27, 2021, (Pl.'s 60(b)(3) Mot. for Recons.).[5] USTA responded on January 13, 2022, (USTA 60(b)(1) Opp'n), and January 17, 2022, (USTA 60(b)(3) Opp'n). Plaintiff filed replies on January 24, 2022 and January 28, 2022. (Pl.'s 60(b)(1) Reply; Pl.'s 60(b)(3) Reply.) USTA filed a sur-reply to both of Plaintiff's replies on February 4, 2022, (USTA Sur-Reply), and filed a letter motion to strike a late-attached exhibit by Plaintiff on February 11, 2022, (USTA Letter Mot. to Strike).

## II. Discussion

### a. Standards of review

#### i. Reconsideration

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *see also* Local Civ. R. 6.3 (providing that the moving party must "set[] forth concisely the matters or controlling decisions which counsel believes the [c]ourt has overlooked").

It is thus well-settled that a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking [another] bite at the apple." *U.S. for Use & Benefit of Five Star Elec. Corp. v. Liberty Mut. Ins. Co.*, 758 F. App'x 97, 101 (2d Cir. 2018) (alteration in original) (quoting *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended*,

---

[5] (Pl.'s Mem. in Supp. of Pl.'s 60(b)(3) Mot. for Recons. ("Pl.'s 60(b)(1) Mem."), Docket Entry No. 81-1; Pl.'s Mem. in Supp. of Pl.'s 60(b)(3) Mot. for Recons. ("Pl.'s 60(b)(3) Mem."), Docket Entry No. 82-1.)

6

(July 13, 2012)). "A motion for reconsideration is 'neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have previously been made.'" *Salveson v. JP Morgan Chase & Co.*, 166 F. Supp. 3d 242, 248 (E.D.N.Y. 2016) (quoting *Simon v. Smith & Nephew, Inc.*, 18 F. Supp. 3d 423, 425 (S.D.N.Y. 2014)), *aff'd*, 663 F. App'x 71 (2d Cir. 2016).

### ii. Rule 60(b)

Rule 60(b) of the Federal Rules of Civil Procedure provides for relief from a final judgment, order, or proceeding in the case of:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); *Banister v. Davis*, 590 U.S. ——, ——, 140 S. Ct. 1698, 1709 n.6 (2020) (quoting Fed. R. Civ. P. 60(b)). "Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments." *Tapper v. Hearn*, 833 F.3d 166, 170 (2d Cir. 2016) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)). While such motions must be brought "within a reasonable time," *Santander Bank, N.A. v. Harrison*, 858 F. App'x 408, 410 (2d Cir. 2021) (quoting Fed. R. Civ. P. 60(c)(1)), "[t]he one-year limitation period for Rule 60(b)[(1)–(3)] motions is absolute," *Wang v. Int'l Bus. Machines Corp.*, 839 F. App'x 643, 646 (2d Cir. 2021) (second alteration in original) (quoting *Martha Graham Sch. & Dance Found., Inc. v. Martha Graham Ctr. of Contemp. Dance, Inc.*, 466 F.3d 97, 100 (2d Cir. 2006)). "[A] Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided." *Pastor v. P'ship for Children's Rts.*, 856 F. App'x 343, 345 (2d Cir. 2021) (citing

7

*Zerman v. Jacobs*, 751 F.2d 82, 84–85 (2d Cir. 1984)); *see also D'Angelo v. State Farm Fire & Cas. Co.*, 201 F.3d 430, 1999 WL 1295353, at *1 (2d Cir. 1999) (unpublished table decision) ("Rule 60(b) is not a substitute for appeal and may not be used to relitigate the merits of a case." (citing *Competex, S.A. v. Labow*, 783 F.2d 333, 335 (2d Cir. 1986))). "[T]he general rule [is] that a movant bears the burden in Rule 60(b) motions." *Gater Assets Ltd. v. AO Moldovagaz*, 2 F.4th 42, 53 (2d Cir. 2021) (citing *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987)).

### b. The Court denies Plaintiff's motions for reconsideration

The Court denies Plaintiff's motions for reconsideration because they are untimely and because they are procedurally improper under Rule 60(b).

#### i. Plaintiff's motion is untimely

USTA argues that Plaintiff's motion is "egregiously untimely" because it violates Local Civil Rule 6.3. (USTA 60(b)(1) Opp'n 6.) In support, USTA argues that Plaintiff had fourteen days after the September 9, 2021 Order to file its motion for reconsideration and failed to do so even after requesting additional time. (*Id.*) USTA also argues that Plaintiff's procedural arguments are untimely, and have already been previously rejected, and should be denied.[6] (*Id.* at 7 n.2.)

Plaintiff argues that its motion for reconsideration is timely under Local Rule 6.3 because the rule "provides that a motion for reconsideration or re-argument shall be served within [fourteen] days '[u]nless otherwise provided by the Court or by statute or rule.'" (Pl.'s 60(b)(1) Reply 6 (quoting Local Civil Rule 6.3).) Plaintiff argues that Rule 60(c) specifies that motions

---

[6] USTA makes an identical argument in its opposition to Plaintiff's Rule 60(b)(3) motion. (*See* USTA 60(b)(3) Opp'n 2–3.)

under Rule 60(b)(1) and 60(b)(3) "may be brought within a reasonable time and up to one year," and that the Rule 60 timeframe is controlling. (*Id.* 6–7.) Plaintiff argues that it has "carefully considered its options, conducted further investigations, and analyzed a host of highly complex issues," and therefore, its "present motion for reconsideration is made well within a reasonable time." (*Id.* at 7.)

The Court denies Plaintiff's motion for reconsideration as untimely. As USTA argues, Plaintiff's motion for reconsideration of the Court's September 9, 2021 Order is untimely under Local Civil Rule 6.3 because it failed to file a notice of motion within fourteen days of the September 9, 2021 hearing (or the extended date of September 30, 2021), and instead filed its motion almost three months later on December 23, 2021. *See, e.g.*, *Siino v. City of New York*, No. 14-CV-7217, 2021 WL 6063610, at *3 (E.D.N.Y. Dec. 21, 2021) (denying as untimely pro se plaintiff's motion to reconsider which was filed twenty-six days after the order was entered); *Bennett v. Care Corr. Sol. Med. Contracted*, No. 15-CV-3746, 2017 WL 4250519, at *2 (S.D.N.Y. Sept. 25, 2017) (denying as untimely plaintiff's seven-day-late motion for reconsideration and collecting cases). In contrast to *Siino* and *Bennett*, Plaintiff's motion was filed significantly later (eighty-four days after the extended September 30, 2021 deadline).[7]

---

[7] Judge Cho made clear to Plaintiff that its motion for reconsideration would be untimely:
> MR. DAVIS: [W]e're preparing to file a motion for reconsideration or for a leave to file a motion for contempt for the first time based on information learned during the course of [the September 9, 2021] hearing. That's all.
> THE COURT: Well, it seems to me based on the docket that you've already asked for more time to move for reconsideration. The court granted that request, but that deadline has passed, so I think you've missed that deadline, as well. So I think there are three instances — I'm sorry, Mr. Davis. Go ahead.

9

Therefore, the Court dismisses Plaintiff's reconsideration motions as untimely.

### ii. Plaintiff's motion is procedurally improper

USTA argues that Plaintiff's motions are procedurally improper under Rule 60(b) because the orders that Plaintiff seeks to reconsider are not "final" orders and Plaintiff's time for moving under Rule 60(b)(1) has expired because a motion alleging misapplication of the law is not permitted past the deadline for filing a notice of the appeal. (USTA 60(b)(1) Opp'n 7–9.) USTA argues that Plaintiff only had until October 9, 2021 to appeal the Court's order. (*Id.* at 14.) In addition, USTA argues that it is not an "opposing party" subject to Rule 60(b)(3). (USTA 60(b)(3) Opp'n 4.)

Plaintiff argues that the September 9, 2021 Order is a final order as to USTA because contempt orders issued against non-parties are generally considered final for purposes of appeal. (Pl.'s 60(b)(1) Reply 8–9.) In addition, Plaintiff argues that "[a]ssuming the September 9 Minute Entry is a 'notation on the docket' that constitutes entry of the order under Local Civil Rule 6.2 as to the motion for contempt, the time to appeal has not yet run under [Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure] because the Order is not set forth in a separate document under Rule 58." (*Id.* at 7.) Finally, Plaintiff argues that USTA is an opposing party under Rule

---

> MR. DAVIS: We understand the order to have implicated a different rule of civil procedure under Rule 60 where we have a reasonable time to challenge or a reasonable time — not to challenge, but to ask the court to reconsider in light of new evidence. And our request for an extension of time was made under an earlier misunderstanding of the applicable rules —
> THE COURT: Okay. Well, regardless, you made the request for reconsideration and for more time, and the court granted that request, and you've missed that deadline. So as far as I'm concerned, I don't think you're going to be able to move for reconsideration at this point because you've already missed that deadline.

(Tr. of Proceedings held on Oct. 19, 2021 at 12:17–13:14, Docket Entry No. 80.)

60(b)(3) because opposing party simply means "opponent" or "adversary." (Pl.'s 60(b)(3) Reply 3–4.)

Even if construed as timely motions under Local Civil Rule 6.3, Plaintiff's motions under Rule 60(b) are procedurally improper. Plaintiff argues that the September 9, 2021 Order was a final order, but the Court of Appeals for the Federal Circuit denied Plaintiff's appeal on the grounds that the order was not final. *See Grp. One Ltd v. GTE GmbH*, No. 2022-1602, 2022 WL 4459898, at *1 (Fed. Cir. Sept. 26, 2022) ("Group One has failed to show how that underlying rationale would justify a pre-judgment appeal from a party that may seek appellate review of the district court's order after final judgment in the case."); *see also id.* ("A denial of a motion for contempt while the case is still ongoing generally fails to end the litigation on the merits and is not immediately appealable.") Because Rule 60(b) only applies to relief from a "final judgment, order, or proceeding," it is procedurally inapplicable here.

Even if the September 9, 2021 Order was a final order, Plaintiff's time to move under Rule 60(b)(1) expired prior to the filing of the motions. Plaintiff argues that "[t]he Court misapplied the law," (Pl.'s 60(b)(1) Mem. 13), but such arguments are not permitted past the deadline for filing a notice of appeal. *In re 310 Assocs.*, 346 F.3d 31, 35 (2d Cir. 2003) ("Rule 60(b)(1) motions not be permitted past the deadline for filing a notice of appeal, thereby preventing Rule 60(b)(1) from becoming a way to assert an otherwise time-barred appeal."); *see also Colucci v. Beth Israel Med. Ctr.*, 531 F. App'x 118, 120 n.3 (2d Cir. 2013) ("[Plaintiff's] Rule 60(b)(1) motion is also time barred once the time that would be permitted for an appeal of the judgment being challenged has expired."). Plaintiff's time to file a notice of appeal expired on October 9, 2021, thirty days after the September 9, 2021 Order. *See* Fed. R. App. P. 4 ("In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required

11

by Rule 3 must be filed with the district clerk within [thirty] days after entry of the judgment or order appealed from."). Plaintiff did not file its Rule 60(b)(1) motion to reconsider until well after this date.

Lastly, relief under Rule 60(b)(3) is only available against "an opposing party." Fed. R. Civ. P. 60(b)(3). *See In re Slater*, 200 B.R. 491, 497 (E.D.N.Y. 1996) ("Fed. R. Civ. P. 60(b)(3), require[s] that the fraud be committed by the adverse party, as opposed to a third party."); *c.f. Bell v. Carlson*, No. 19-3461, 2021 WL 4022726, at *2 (2d Cir. Sept. 3, 2021) (identifying named defendants as opposing parties for purposes of Rule 60(b)(3) motion and not a non-party). Therefore, Rule 60(b)(3) is inapplicable against non-party USTA.

Accordingly, for the reasons stated above, the Court denies Plaintiffs' motions to reconsider as untimely under Local Civil Rule 6.3 and as procedurally improper under Rule 60(b).[8]

### c. The Court grants USTA's motion to strike

USTA asks the Court to strike or otherwise decline to accept Exhibit A, a screenshot attached to a letter filed by Plaintiff on February 8, 2022. (Ex. A, annexed to Pl.'s Letter of Feb. 8, 2022, Docket Entry No. 90-1.) USTA argues that the exhibit was over a week after the extended reply deadline that Group One asked the Court to order. (USTA Letter Mot. to Strike 1.) In addition, USTA argues that Exhibit A improperly presents new evidence which is not permitted on reply unless it rebuts a new argument in the opposition. (*Id.* at 2.)

Plaintiff does not respond to USTA's motion to strike but states in its letter attaching Exhibit A that counsel for Plaintiff "inadvertently omitted" the exhibit from the reply brief.

---

[8] Because the Court concludes that Plaintiff's motions are untimely and procedurally improper under Rule 60(b), it declines to consider the merits of Plaintiff's motions.

12

(Pl.'s Letter of Feb. 8, 2022, Docket Entry No. 90.)

The Court grants USTA's motion to strike Exhibit A for untimeliness. *See* Local Civil Rule 6.1(b) ("[A]ny reply affidavits and memoranda of law shall be served within seven days after service of the answering papers.").[9]

### III. Conclusion

For the foregoing reasons, the Court denies Plaintiff's motions for reconsideration. In addition, the Court grants USTA's motion to strike.

Dated: March 30, 2023
    Brooklyn, New York

SO ORDERED:

    /s/ MKB
    MARGO K. BRODIE
    United States District Judge

---

[9] The Court declines Plaintiff's request to enter an order on the motion to enforce and permit an interlocutory appeal. (Pl.'s 60(b)(1) Mem. 21–24.) As the Court made clear to Plaintiff, "[t]he Court already denied Plaintiff's motion to enforce the TRO against USTA for the reasons stated on the record at the September 9, 2021 hearing." (Order dated Sept. 15, 2021.)

13