UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
GROUP ONE LTD.,                                   :
                                                  :
                        Plaintiff,     :      REPORT AND
                                                  :      RECOMMENDATION
    -against-                                    :
                                                  :      No. 20-CV-02205-MKB-JRC
GTE GmbH and RALF WEIGEL,                         :
                                                  :
                        Defendants.    :
-------------------------------------------------------------------x
JAMES R. CHO, United States Magistrate Judge:

      Plaintiff Group One Ltd. ("Group One" or "plaintiff") commenced the above-captioned action on May 15, 2020, against Defendants GTE GmbH ("GTE") and Ralf Weigel (collectively, "defendants"). *See* Compl., Dkt. 1. On April 16, 2021, plaintiff filed an Amended Complaint alleging that defendants infringed plaintiff's patents for tennis let-detection systems and knowingly spread malicious falsehoods about the capabilities of plaintiff's systems. *See generally* Am. Compl., Dkt. 39. Plaintiff brought claims of direct, induced, and contributory patent infringement under the Patent Act, 35 U.S.C. § 271(a)–(c); false advertising and use of false descriptions and false representations under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); tortious interference with prospective business relations and unfair competition under New York common law; deceptive trade practices and false advertising under sections 349(h) and 350(e)(3) of the New York General Business Law ("GBL"), respectively; and trade libel under New York common law. *Id*. ¶¶ 61–155. After initially appearing in the case, defendants defaulted, and the Clerk of Court entered default against them on June 30, 2021. Clerk's Entry of Default, Dkt. 46. On July 9, 2021, plaintiff moved for default judgment, Pl.'s Mot. for Default J., Dkts. 47–48, and, on July 10, 2021, the Honorable Chief Judge Margo K. Brodie

referred plaintiff's motion for default judgment to this Court for a report and recommendation. *See* Order dated July 10, 2021.

On February 28, 2022, this Court filed a report and recommendation with regard to plaintiff's motion for default judgment. Report and Recommendation, Dkt. 92. Plaintiff filed objections on March 14, 2022. Dkt. 95. Defendants filed no response to plaintiff's objections. On September 2, 2023, Chief Judge Brodie adopted in part this Court's report and recommendation. Mem. and Order adopting in part R&R, Dkt. 108. The Court (1) granted plaintiff's motion for default judgment with respect to plaintiff's claims of patent infringement under the Patent Act, tortious interference with prospective business relations and unfair competition under New York common law, and false advertising claims under the Lanham Act; (2) denied default judgment with respect to plaintiff's deceptive trade practices and false advertising claims under the GBL and claim of trade libel under New York common law; (3) granted plaintiff's request for a permanent injunction; and (4) deferred ruling on plaintiff's requests for damages. *Id*. The Court granted plaintiff leave to submit additional evidence in support of its request for damages. *Id*.

On October 21, 2022, plaintiff submitted additional evidence in support of its request for damages. Dkt. 120. On August 28, 2023, the Court entered an order awarding plaintiff $118,960 in damages for lost profits due to patent infringement, but denying enhanced damages, price erosion damages, and damages for non-patent claims. Mem. and Order awarding damages, Dkt. 129 at 14–23. Further, Chief Judge Brodie denied plaintiff's motion to modify the permanent injunction previously issued by the Court, finding no change in circumstances that warranted modification. *Id.* at 28–29.

On October 7, 2022, plaintiff moved for prejudgment attachment, pursuant to Federal Rule of Civil Procedure 64 and Article 62 of the New York Civil Practice Law and Rules ("C.P.L.R."), seeking an order attaching a sum of money in the form of an account payable to be paid by the United States Tennis Association ("USTA"). The USTA is an interested non-party to this action. *See, e.g.*, Order dated September 8, 2021 ("The Court acknowledges that the USTA is a non-party to this proceeding. However, in view of Defendants' non-appearance and the USTA's interest in this matter, the Court believes it is in the interest of USTA to appear at the preliminary injunction hearing via telephone."). Plaintiff presumably filed its motion for prejudgment attachment in light of Chief Judge Brodie's findings regarding liability. Mot. for Prejudgment Attachment, Dkt. 118. Plaintiff requested that the Court enter an order attaching $60,000 of the expected future award of damages to be owed by defendants to the USTA. *Id*.

Chief Judge Brodie referred plaintiff's motion for prejudgment attachment to this Court for a report and recommendation. *See* Order dated October 14, 2022. The USTA filed an opposition to plaintiff's motion on October 21, 2022. Dkt. 121. Plaintiff filed a reply on October 28, 2022. Dkt. 123. Notwithstanding the Court's August 28, 2023 Memorandum and Order awarding plaintiff damages, Dkt. 129, plaintiff informed the Court that it does not consider its motion for prejudgment attachment moot. Dkt. 131.

For the reasons stated in this Report and Recommendation, this Court recommends denying plaintiff's motion for prejudgment attachment as moot in light of Chief Judge Brodie's August 28, 2023 Order. In the alternative, this Court recommends denying plaintiff's motion for prejudgment attachment on the merits.

3

**Discussion**

I. **Mootness**

In plaintiff's September 11, 2023 letter, plaintiff argues its pending motion is not moot because the Court's "judgment is not yet in final form, and the disposition of assets sought to be attached is still uncertain." Dkt. 131. Plaintiff cites no case law in its letter. Because the Court already has ordered an award of damages to plaintiff, *see* Dkt. 129, and the Court anticipates that judgment will be entered by the Clerk of Court upon resolution of the present motion, the prejudgment attachment motion is now likely moot. *See Gesualdi v. Scara-Mix, Inc.*, No. 14-CV-0765, 2017 WL 5564673, at *10 (E.D.N.Y. Nov. 17, 2017) ("[B]ecause the Court is directing the Clerk of the Court to enter judgment for the [requested damages] . . . Plaintiffs' requests [for prejudgment attachment and restraining assets] appear to be moot."); *Citibank, N.A. v. Aralpa Holdings Ltd. et al.*, No. 22-CV-8842, 2023 WL 5971144, at *18 (S.D.N.Y. Sept. 14, 2023) ("Having concluded that Citibank is entitled to judgment as to certain of the Events of Default, and since judgment will be entered forthwith, the motion for an attachment prior to judgment is denied as moot.").

Rule 64 of the Federal Rules of Civil Procedure and C.P.L.R. § 6201 provide for *prejudgment* remedies. *See* N.Y. C.P.L.R. § 6201 ("An order of attachment may be granted . . . where the plaintiff has demanded and *would be entitled*, in whole or in part, or in the alternative, to a money judgment against one or more defendants." (emphasis added)); Fed. R. Civ. P. 64 (providing that "every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the *potential judgment*" (emphasis added)). Further, Rule 69 of the Federal Rules of Civil Procedure and New York law separately provide post-judgment enforcement mechanisms. At this stage, these post-

4

judgment mechanisms are the more appropriate vehicles for plaintiff to ensure it can collect the judgment.  *See Gesualdi*, 2017 WL 5564673 at *10 ("With the forthcoming judgment in hand, Plaintiffs can pursue the appropriate enforcement mechanisms under New York law.").

Even if plaintiff's motion for prejudgment attachment were not moot, this Court would recommend denying the motion on the merits.

## II.     Prejudgment Attachment

"Federal Rule of Civil Procedure 64 permits federal litigants to seek an order of attachment in the manner provided by the law of the state in which the district court sits."  *Yong Xiong He v. China New Star Rest., Inc.*, No. 19-CV-5907, 2020 WL 6202423, at *5 (E.D.N.Y. Oct. 22, 2020) (citing *DLJ Mortg. Cap., Inc. v. Kontogiannis*, 594 F. Supp. 2d 308, 318 (E.D.N.Y. 2009)).  New York law authorizes prejudgment attachment pursuant to sections 6201(3) and 6212(a) of the C.P.L.R.  *Id*; *see also Prabir v. Bukhara Indian Cuisine, Inc.*, No. 17-CV-3704, 2018 WL 2709231, at *2 (S.D.N.Y. May 17, 2018) (collecting cases), *report and recommendation adopted*, 2018 WL 2694435 (S.D.N.Y. June 5, 2018).  Attachment is "a drastic remedy" and is "strictly construed in favor of those against whom it may be employed."  *Ne. United Corp. v. Lewis*, 137 A.D.3d 1387, 1388 (N.Y. App. Div. 2016); *see also Gen. Textile Printing & Processing Corp. v. Expromtorg Int'l Corp.*, 862 F. Supp. 1070, 1073 (S.D.N.Y. 1994) ("Attachment is a harsh remedy, and should not be lightly granted by the court.").

In order to prevail, a plaintiff seeking attachment under C.P.L.R. §§ 6201 and 6212(a) must demonstrate that (1) it has stated a claim for money judgment; (2) it has a probability of success on the merits; (3) the defendant is a nondomiciliary residing without the state, or is a foreign corporation not qualified to do business in the state, or "with the intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor,

5

has assigned, disposed of, encumbered, or secreted property, or removed it from the state or is about to do any of these acts"[;] and (4) the amount demanded from the defendant is greater than the amount of all counterclaims known to plaintiff. *See Yong Xiong He*, 2020 WL 6202423 at *5 (citing *DLJ Mortg. Cap.*, 594 F. Supp. 2d at 318); *see also* N.Y. C.P.L.R. §§ 6201 and 6212(a).

Here, plaintiff has satisfied all four requirements. First, plaintiff maintains a claim for money damages—for which the Court has ultimately awarded plaintiff $118,960 in damages for lost profits. *See* Mem. in Support of Damages Submission, Dkt. 120-3; Mem. and Order awarding damages, Dkt. 129. Second, plaintiff has already succeeded, to some extent, on the merits of its case. Ruling on plaintiff's motion for default judgment, Chief Judge Brodie found in favor of plaintiff on its claims for patent infringement, tortious interference, unfair competition, and false advertising, and the Court entered a permanent injunction. Mem. and Order adopting in part R&R, Dkt. 108. Third, regardless of whether defendants had any intent to defraud, it is well established by defendants' own admissions that they are non-domiciliaries residing outside of New York, and defendant GTE GmbH is a foreign corporation not registered to do business in New York. *See, e.g.*, Summons, Dkt. 4; Defs.' Mot. to Dismiss, Dkt. 21-1 at 1 ("[T]he named Defendants are a foreign corporation (GTE GmbH) and a foreign individual (Ralf Weigel) and are both located in Germany."). Finally, with respect to the fourth requirement, defendants have not brought any counterclaims against plaintiff.

Plaintiff, therefore, may be entitled to attach *defendants'* property. However, here, the USTA is only an interested non-party to this action. Accordingly, plaintiff's motion should have—but failed to—address the requirements set forth under N.Y. C.P.L.R. § 6214, which provides for attachment upon the property of a non-party (in this case, the USTA):

> A levy by service of an order of attachment *upon a person other than the defendant* is effective only if, at the time of service, such person owes a debt to the defendant

6

> or such person is in the possession or custody of property in which such person knows or has reason to believe the defendant has an interest, or if the plaintiff has stated in a notice which shall be served with the order that a specified debt is owed by the person served to the defendant or that defendant has an interest in specified property in the possession or custody of the person served.

N.Y. C.P.L.R. § 6214(b) (emphasis added). Put simply, if an attachment is to be served on any person other than the defendant, "that person must, at the time of service, owe a debt to the defendant or be 'in the possession or custody of property in which such person knows or has reason to believe' that the defendant has an interest." *EM Ltd. v. Republic of Argentina*, No. 03-CV-2507, 2009 WL 2568433, at *3 (S.D.N.Y. Aug. 18, 2009) (quoting N.Y. C.P.L.R. §§ 5222, 6214(b)), *aff'd*, 389 F. App'x 38 (2d Cir. 2010).

Here, the USTA has made numerous representations that the organization is "not indebted to either Defendant GTE GmbH or Ralf Weigel and has no plans to issue any future payments to either of them in connection with the 2022 US Open or for any other reason." USTA's Opp. to Mot., Dkt. 121; *see also* USTA's Objections to R&R, Dkt. 111 at 10 ("Group One's products have not been used at the 2022 US Open and will not be used under any circumstances.").

This Court has no basis to believe that the USTA "owes a debt to the defendant[s]" or is otherwise "in possession or custody of property" in which the plaintiff has reason to believe defendants have an interest. N.Y. C.P.L.R. § 6214(b). This Court, therefore, does not recommend ordering prejudgment attachment with respect to any funds or property in the possession of the USTA in accordance with N.Y. C.P.L.R. § 6214(b).

## Conclusion

For the reasons stated above, this Court recommends denying plaintiff's motion for prejudgment attachment as moot. In the alternative, this Court recommends denying plaintiff's

7

motion for prejudgment attachment on the merits.

Any objections to the recommendations made in this Report must be filed with the Honorable Chief Judge Margo K. Brodie within 14 days after the filing of this Report and Recommendation and, in any event, on or before **September 29, 2023**.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to file timely objections may waive the right to appeal the District Court's order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam) (discussing waiver under the former ten-day limit).  Plaintiff shall serve this Report and Recommendation on defendants through the same means of service previously approved by the Court and file proof of service on ECF.

The Clerk is requested to enter this Report and Recommendation into the ECF system.

**SO ORDERED**

Dated: Brooklyn, New York
September 15, 2023

                                             s/ James R. Cho
                                             James R. Cho
                                           United States Magistrate Judge