UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
GROUP ONE LTD.,

                Plaintiff,

    v.

GTE GmbH and RALF WEIGEL, *in his corporate capacity as Owner of GTE and in his individual capacity*,

                Defendants.

**ORDER**
20-CV-2205 (MKB) (JRC)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

    Plaintiff Group One Ltd. ("Group One") commenced the above-captioned action on May 15, 2020, against Defendants GTE GmbH ("GTE") and Ralf Weigel. (Compl., Docket Entry No. 1.) Plaintiff filed an Amended Complaint on April 16, 2021, alleging Defendants infringed on Plaintiff's patents for tennis let-detection systems and knowingly spread malicious falsehoods about the capabilities of Plaintiff's systems. (Am. Compl., Docket Entry No. 39.) After initially appearing in the case, Defendants defaulted. The Clerk of Court entered default against Defendants on June 30, 2021. (Clerk's Entry of Default, Docket Entry No. 46.) Plaintiff moved for default judgment on July 9, 2021, (Pl.'s Mot. for Default J., Docket Entry Nos. 47, 48), which the Court granted in part on September 2, 2022, (Mem. & Order adopting in part R&R ("Default J. Order"), Docket Entry No. 108) (granting default judgment as to Plaintiff's claims of patent infringement under the Patent Act, tortious interference with prospective business relations and unfair competition under New York common law, and false advertising claims under the Lanham Act). On August 28, 2023, the Court awarded Plaintiff $118,960 in damages for lost profits on its patent infringement claims. (Mem. & Order ("Damages Order"), Docket Entry No. 129.)

Currently before the Court is Plaintiff's motion for prejudgment attachment under Rule 64 of the Federal Rules of Civil Procedure and Article 62 of the New York Civil Practice Law and Rules ("C.P.L.R."). (Pl.'s Mot. for Prejudgment Attachment ("Pl.'s Mot."), Docket Entry No. 118.) Plaintiff filed the motion on October 7, 2022, requesting an order permitting it to attach $60,000 in the form of an account payable to Defendants by the United States Tennis Association ("USTA"), an interested non-party to this action. (*Id.*; Pl.'s Mem. in Supp. of Pl.'s Mot. ("Pl.'s Mem.") 1, Docket Entry No. 118-1.) USTA filed a letter to state its opposition to Plaintiff's motion on October 21, 2022, (USTA Ltr. in Opp. to Mot. ("USTA Opp."), Docket Entry No. 121), to which Plaintiff responded on October 28, 2022, (Pl.'s Reply in Supp. of Mot. for Prejudgment Attachment ("Pl.'s Reply"), Docket Entry No. 123). The Court referred Plaintiff's motion to Magistrate Judge James R. Cho for a report and recommendation. (Order dated October 14, 2022.) By report and recommendation dated September 15, 2023, Judge Cho recommended that the Court deny Plaintiff's motion for prejudgment attachment as moot, or in the alternative, deny Plaintiff's motion on the merits. (Report and Recommendation ("R&R") at 7–8, Docket Entry No. 132.) Plaintiff filed objections to the R&R on October 2, 2023.[1] (Pl.'s Objs. to R&R ("Pl.'s Objs."), Docket Entry No. 133.)

For the reasons set forth below, the Court denies Plaintiff's motion for prejudgment attachment.

---

[1] Plaintiff attempted to submit a copy of its objections to the R&R by emailing it to Chambers on September 29, 2023. An email to Chambers is not a method of service authorized by the Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, or this Court's Individual Rules. *See* Fed. R. Civ. P. 5(b)(2); L.R. 5.2; *see also* the Court's Individual Prac. & R. 1.A ("Parties are advised not to contact chambers with questions regarding ECF registration, filing, or other technical issues."). The Court nevertheless considers the late objection.

2

I. **Discussion**

   a. **Standard of review**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a party submits a timely objection to a report and recommendation, the district court reviews *de novo* the parts of the report and recommendation to which the party objected. *Id.*; *see also United States v. Romano*, No. 15-CR-992, 2022 WL 402394, at *3 (2d Cir. Feb. 10, 2022) (citing *United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015)). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. *See S.J. v. N.Y.C. Dep't of Educ.*, No. 21-CV-240, 2022 WL 1409578, at *1 n.1 (2d Cir. May 4, 2022) (noting that district court applied correct legal standard in conducting *de novo* review of portions of magistrate judge's report to which specific objections were made and reviewing portions not objected to for clear error).

The clear error standard also applies when a "party makes only conclusory or general objections, or simply reiterates his original arguments." *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) (quotation omitted); *Wu v. Good Samaritan Hosp. Med. Ctr.*, 815 F. App'x 575, 579 (2d Cir. 2020) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)." (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002))); Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [magistrate judge's] proposed findings and recommendations."). Where, however, a party "t[akes] issue with a specific legal conclusion in the report and recommendation," a district court reviews the objected-to portions of the report and recommendation *de novo*. *Miller*, 43 F.4th at 120–21 (concluding that the

3

plaintiff's objection, although revisiting an issue already argued, should have been reviewed *de novo* where the plaintiff objected to a "specific legal conclusion in the report and recommendation," and noting that clear error is normally applied "when the objections are nonspecific or 'merely perfunctory responses . . . argued in an attempt to engage the district court in a rehashing of the same argument set forth in the original petition'" (quoting *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006)) (alteration in the original)).

    **b.   The R&R and Plaintiff's objections**

        **i.   Judge Cho's recommendation**

Judge Cho recommends denying Plaintiff's motion on the merits. In the R&R, Judge Cho determined that although Plaintiff's motion satisfied the four requirements of C.P.L.R. § 6212(a) with respect to Defendants' property, those factors do not apply to property belonging to USTA, which is "only an interested non-party to this action." (R&R at 5–6.) Judge Cho noted that "[P]laintiff's motion should have — but failed to — address the requirements set forth under [section 6214 of the C.P.L.R.], which provides for attachment upon the property of a non-party." (*Id.* at 6–7.) Under section 6214, Judge Cho found that Plaintiff's motion fails because Plaintiff offered "no basis" for the Court "to believe that the USTA 'owes a debt to [D]efendant[s]' or is otherwise 'in possession or custody of property' in which [P]laintiff has reason to believe [D]efendants have an interest."[2] (*Id.* at 7 (second alteration in original) (quoting N.Y. C.P.L.R. § 6214(b)).)

        **ii.   Plaintiff's objections to the R&R**

In objecting to Judge Cho's recommendation that Plaintiff's motion fails on the merits, Plaintiff argues that Judge Cho erred by applying section 6214 of the C.P.L.R. because it

---

[2] Judge Cho also recommended that the Court deny the motion as moot. R&R at 4–5. Because the Court decides the merits of Plaintiff's motion, it declines to determine whether the motion is moot.

4

"pertains to the service of an attachment order already granted, not the motion to obtain the attachment order." (Pl.'s Objs. At 5.) Plaintiff contends that the "appropriate mechanism" is for the Court to enter an attachment order based on Plaintiff's assertion that the money it seeks to attach "*is* '[D]efendants' property,'" which USTA can then move to vacate under section 6223(a) of the C.P.L.R. (*Id.* at 4, 6–7.)

To the extent section 6214 of the C.P.L.R. is relevant, Plaintiff states that it intends to invoke "language not analyzed in the R&R," but does not explain how the language it cites is relevant or should be applied. (*Id.* at 5.) Plaintiff further objects to Judge Cho's reliance on USTA's "unsworn statements" made in a letter in opposition to Plaintiff's motion because it "cannot be deemed evidence." (*Id.* at 6 (citing *Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009)); *see also* R&R at 7 (quoting USTA Opp. at 1).) Plaintiff claims that the burden should be on USTA to provide "actual evidence regarding USTA's alleged payment of the 2022 service fee," and to explain "'*why* USTA will allegedly not incur the obligation to pay the fee *in connection with any future tournament*.'" (Pl.'s Objs. at 6 (quoting Pl.'s Reply at 1).)

   c.  **The Court denies Plaintiff's Motion for Prejudgment Attachment**

New York law governs the Court's authority over provisional remedies, including attachment. *See* Fed. R. Civ. P. 64(a)–(b); *Iraq Telecom Ltd. v. IBL Bank S.A.L.*, 43 F.4th 263, 269 (2d Cir. 2022) ("Attachment is available in federal court 'under the law of the state where the court is located.'" (quoting Fed. R. Civ. P. 64)). "Under New York law, an attachment bars any sale, assignment or transfer of, or any interference with the property attached." *Iraq Telecom Ltd.*, 43 F.4th at 269 (quotation omitted). Article 62 of the New York C.P.L.R. provides the procedures for attachment under New York law. *See* N.Y. C.P.L.R. §§ 6201 *et seq.*; *Hotel 71 Mezz Lender LLC v. Falor*, 14 N.Y.3d 303, 310 (2010) (noting that the "provisional remedy of attachment" is "governed by CPLR article 62"). "Attachment is a 'harsh' remedy, and is

5

construed narrowly in favor of the party against whom the remedy is invoked." *VisionChina Media Inc. v. S'holder Representative Servs., LLC*, 967 N.Y.S.2d 338, 345 (App. Div. 2013) (quoting *Penoyar v. Kelsey*, 150 N.Y. 77, 80 (1896)). "In the context of an application for an attachment under article 62, whether to grant the application 'rests within the discretion of the court.'" *Iraq Telecom Ltd.*, 43 F.4th at 270 (quoting *VisionChina Media Inc.*, 967 N.Y.S.2d at 345).

"[A]n article 62 attachment proceeding operates only against *property*, not any person," and therefore "is typically based on jurisdiction over property." *Koehler v. Bank of Bermuda Ltd.*, 12 N.Y.3d 533, 537–38 (2009). The New York Court of Appeals has explained that a prejudgment attachment "is effective only if there is within the jurisdiction . . . a *debt* or *property* of the debtor." *ABKCO Indus., Inc. v. Apple Films, Inc.*, 39 N.Y.2d 670, 673 (1976); *see also Eitzen Bulk A/S v. Bank of India*, 827 F. Supp. 2d 234, 240 (S.D.N.Y. 2011) (same). Property subject to attachment constitutes "[a]ny debt or property against which a money judgment may be enforced as provided in section 5201" of the C.P.L.R. N.Y. C.P.L.R. § 6202. Section 5201 of the C.P.L.R., in turn, states that a money judgment may be enforced against (a) "any debt, which is past due or which is yet to become due, certainly or upon demand of the judgment debtor," or (b) "any property which could be assigned or transferred, whether it consists of a present or future right or interest and whether or not it is vested." N.Y. C.P.L.R. § 5201(a)–(b). The existence of some attachable debt or property is often readily established based on evidence available to the Court on a motion for prejudgment attachment. *See, e.g.*, *Adler v. Solar Power, Inc.*, No. 16-CV-1635, 2018 WL 11447340, at *1 (S.D.N.Y. Apr. 9, 2018) (existence of property supported by affidavit submitted in connection with motion for prejudgment attachment); *In re Amaranth Nat. Gas Commodities Litig.* 711 F. Supp. 2d 301, 305 (S.D.N.Y. 2010) (existence of $75 million supported by a declaration submitted by defendants in opposing motion for

6

prejudgment attachment); *but see Dafeng Hengwei Textile Co. v. Aceco Indus. & Com. Corp.*, 54 F. Supp. 3d 279, 284 (E.D.N.Y. 2014) (vacating order of attachment because "a hypothetical scenario in which [defendant] could take an interest in [third party's] property [was] insufficient to permit the Court to conclude that the [p]roperty is properly subject to attachment").

The Court denies Plaintiff's motion because Plaintiff has not shown that USTA holds an attachable debt or property belonging to Defendants. Plaintiff contends without support that USTA owes GTE GmbH "service fees" arising out of the 2022 U.S. Open, and requests that the Court attach a portion of those funds. (Pl.'s Mem. at 2–6.) However, Plaintiff provides insufficient factual assertions to support this bare conclusion. In addition, based on Plaintiff's arguments in its motion papers as to how USTA pays its debt, to the extent USTA owed any debt to Defendants, USTA has already paid the debt.[3] (*See* Pl.'s Mem. at 2 (noting that the 2022 U.S. Open "concluded [on] September 11, 2022," and "typical billing procedures in this market would have the customer pay such fee pursuant to payment terms of [thirty] days following the conclusion of the tournament").) Other than the unsupported statements in its briefs, Plaintiff did not present any support for its motion at the time it was filed to demonstrate that USTA — a non-party to this action — had funds in its possession owed to Defendants. In addition, Plaintiff has not presented any additional evidence in opposition to the R&R showing that, even assuming USTA had funds in September of 2022, it still has such funds in its possession. The Court therefore finds that Plaintiff has failed to establish that the funds it seeks to attach exist and are in

---

[3] Moreover, USTA advised the Court in October of 2022 that it "is not indebted to either Defendant . . . and has no plans to issue any future payments to either of them in connection with the 2022 US Open or for any other reason." (USTA Opp. at 1.) While Plaintiff objects to the Court considering this submission on the grounds that it contains "unsworn statements" that "cannot be deemed evidence," (Pl.'s Objs. at 6 (citing *Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009))), Plaintiff's assertion that USTA owes this debt to Defendants is likewise an unsworn statement that cannot be considered evidence. The same is true of Plaintiff's speculation that USTA has engaged in "a host of improper maneuverings" to avoid attachment of the money Plaintiff claims USTA owes Defendants. *See* Pl.'s Reply at 1.

USTA's possession. *See Adelaide Prods., Inc. v. BKN Int'l A.G.*, 833 N.Y.S.2d 450, 451 (App. Div. 2007) (reversing grant of money judgment in N.Y. C.P.L.R. § 5225 turnover proceeding where there existed "an issue of fact as to the existence and/or the amount of the debt").

Moreover, even assuming that Plaintiff had properly shown that USTA had money owed to Defendants that the Court could attach, under the circumstances of this case, the Court would exercise its discretion and deny the motion. The Court has decided Plaintiff's motion for default judgment and awarded Plaintiff $118,960 in damages. (*See* Default J. Order; Damages Order.) Upon the issuance of this Order, the Clerk of Court will enter judgment and Plaintiff will be able to pursue post-judgment enforcement mechanisms under Rule 69 of the Federal Rules of Civil Procedure and New York law. *See* Fed. R. Civ. P. 69; *Gesualdi v. Scara-Mix, Inc.*, No. 14-CV-765, 2017 WL 5564673, at *10 (E.D.N.Y. Nov. 17, 2017) (denying prejudgment attachment motion because "[w]ith the forthcoming judgment in hand, [p]laintiffs can pursue the appropriate enforcement mechanisms under New York law").

## II. Conclusion

For the foregoing reasons, the Court denies Plaintiff's motion for prejudgment attachment. The Clerk of Court is directed to enter judgment and close this case.

Dated: November 13, 2023
      Brooklyn, New York

                                                SO ORDERED:

                                                S/MKB
                                                MARGO K. BRODIE
                                                United States District Judge